UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FRANK EDWARDS, and
RICHARD PETERSON,

CIVIL NO. 00-884 (RHK/JMM)

Plaintiffs,

v.

ORDER

TOWER ASPHALT, INC., and
LOCAL #221 TEAMSTERS,

Defendants.

The above matter is before the undersigned to resolve Plaintiffs' Motion for Appointment of Counsel [Docket No. 20], Plaintiffs' Motion to Proceed In Forma Pauperis [Docket No. 21], and Plaintiffs' Motion for a Continuance of Defendants' Motions for Summary Judgment [Docket No. 25]. Plaintiffs paid the filing fee for this action in full when they filed the Complaint. See Docket No. 1 (rcpt. no. 135247).

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED

1. Plaintiffs' Motion to Proceed In Forma Pauperis [Docket No. 21] is denied as moot.

2. Plaintiffs' Motion for Appointment of Counsel [Docket No. 20] is denied.

3. Plaintiffs' Motion for a Continuance of Defendants' Motions for Summary Judgment [Docket No. 25] is denied.

   a. No later than August 22, 2000, Plaintiffs may file one or more Affidavits which comply with the requirements of Rule 56(f) of the Federal Rules of Civil Procedure.

FILED AUG 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

b. No later than August 29, 2000, Defendants may file a supplemental Memorandum in response to any Affidavits filed by Plaintiffs.

4. A hearing will be held on Defendant Teamsters Local #221's Motion to Dismiss [Docket No. 3], Defendant Tower Asphalt's Motion to Dismiss [Docket No. 11], and Plaintiffs' Motion for Summary Judgment [Docket Nos. 8, 14] on September 8, 2000 at 2:00 p.m. before the undersigned in Courtroom 628B, Federal Courts Building, 316 North Robert Street, St. Paul, Minnesota.

Dated: August 15, 2000

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

## I. MOTION FOR APPOINTMENT OF COUNSEL

Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiffs

have the threshold ability to articulate their claims and to argue their positions, and their submissions in this matter demonstrate that they have been able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiffs. Accordingly, Plaintiffs' request for counsel will be denied.

## II. MOTION FOR CONTINUANCE

Plaintiffs request that the Court deny Defendants' summary judgment motion, or stay the motion until Plaintiffs have conducted further discovery. In support of this request, Plaintiffs have submitted a Motion and supporting Memorandum of Law.

Fed. R. Civ. P. 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"When seeking a continuance [pursuant to Rule 56(f)] the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover." Roark v. City of Hazen, Arkansas, 189 F.3d 758, 762 (8th Cir. 1999)(citation omitted). In this case, Plaintiffs have not filed such an affidavit. Therefore, Plaintiffs' motion must be denied.

We have scheduled a hearing on the pending Motions for September 8, 2000. Even if Plaintiffs had filed, or were to file, an Affidavit containing the particulars required by Rule 56(f), we do not conclude that a hearing on the pending Motions should not be held. If the Court is persuaded following the hearing that a continuance is required, or that the Motions should be denied for reasons permitted under Rule 56(f), it may make

an appropriate Order. See Powell v. Nat'l Football League, 711 F. Supp. 959, 964 (D. Minn. 1989)("Upon request of a party and submission of a supporting affidavit, the Court is permitted to refrain from ruling on a motion for summary judgment pursuant to Fed. R. Civ. P. 56(f) until such time as adequate discovery has been accomplished); Dethmers Manuf. Co., Inc. v. Automatic Equip. Mfg. Co., 70 F. Supp.2d 944, 981 (N.D. Iowa 1999)("District courts enjoy broad discretion under Rule 56(f) to determine when continuances are appropriate to avoid premature summary dispositions.")(citing Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144-45 (Fed. Cir. 1996)).

J.M.M.