UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FRANK EDWARDS,
RICHARD A. PETERSON,

CIVIL NO. 00-884 (RHK/JMM)

Plaintiffs,

v.

REPORT AND RECOMMENDATION

TOWER ASPHALT, INC.
TEAMSTERS LOCAL #221,

Defendants.

The above matter came on for hearing before the undersigned on September 8, 2000 upon Defendant Teamsters Local #221's Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 3]; Defendant Tower Asphalt, Inc.'s Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 11]; and upon Plaintiffs' Motions for Summary Judgment [Docket No. 8, 14], and to Commence Discovery [Docket No. 33]. Plaintiffs appeared pro se; Paul Iverson, Esq. appeared on behalf of Defendant Teamsters Local #221; Craig Ayers, Esq. appeared on behalf of Defendant Tower Asphalt, Inc. The matter was referred to the undersigned by District Judge Richard H. Kyle for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that (1) Defendants' Motions to Dismiss [Docket Nos. 3, 11] be granted, (2) Plaintiffs' Motions for Summary Judgment [Docket No. 8, 14] be denied, (3) Plaintiffs' Motion to Commence Discovery [Docket No. 33] be denied as moot, and (4) Plaintiffs be given thirty days from the decision of the District Court to file an Amended Complaint.

FILED NOV 13 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## FINDINGS OF FACT/REPORT

The Complaint in this case contains claims in which Plaintiffs allege that their civil rights have been violated by Defendants. Specifically Plaintiffs allege that, by failing to abide by the terms of a collective bargaining agreement, Defendants violated 42 U.S.C. §§1981, 1983, 1985(3), 1986, 1988. Defendants have moved to dismiss all of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b).

### I. FACTS

Plaintiffs were both seasonally employed as highway heavy construction truck drivers by Defendant Tower Asphalt between the years of 1995 and 1999. Plaintiffs completed apprenticeship programs to become journeyworker construction truck drivers, which they allege entitled them to journeyworker wages pursuant to a collective bargaining agreement between Defendant Tower Asphalt and Defendant Teamsters Local #221. The underlying basis for all of Plaintiffs' claims is their allegation that they are entitled to but are not being paid journeyworker wages under the collective bargaining agreement.

### II. STANDARD OF REVIEW

The Court of Appeals for the Eighth Circuit has provided this standard for the consideration of a Motion to Dismiss pursuant to Rule 12(b)(6):

> [A] motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784, 787 (8th Cir.), cert. denied, 444 U.S. 899, 100 S. Ct. 208, 62 L.Ed.2d 135 (1979). We must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader. United States v. Mississippi, 380 U.S. 128, 143 (1965); see also Bennett v. Berg, 685 F.2d 1053, 1058-59 (8th Cir. 1983); Bramlet v. Wilson, 495 F.2d 714, 717 (8th Cir. 1974).

Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, courts accept a plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences. Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997). The Court may not consider materials outside the pleadings on a motion to dismiss. Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992).

## III. DISCUSSION

### A. The Court Does Not Have Jurisdiction over the Title VII Claims in the Complaint Because No Charges Were Filed with the Equal Employment Opportunity Commission ("EEOC").

Title VII of the Civil Rights Act of 1964 was enacted to combat discriminatory employment practices. However, recourse to the federal courts is not the first step for a party claiming a Title VII violation. "A complainant must file a timely charge with the EEOC as a prerequisite to the maintenance of a Title VII action." Owens v. Ramsey Corp, 656 F.2d 340, 342 (8th Cir. 1981)(citing United Air Lines, Inc. v. Evans, 431 U.S. 553, 555 n. 4(1977))(additional citations omitted). In this case, there is no indication in the Complaint that Plaintiffs filed any charge at all, let alone a timely one, with the EEOC. The Court does not have subject matter jurisdiction over Plaintiffs' Title VII claim because they failed to meet this jurisdictional requirement before filing their Complaint. Therefore, the Title VII claim should be dismissed.

### B. The Complaint Fails to State a Claim under 42 U.S.C. §1981.

Section 1981 prohibits purposeful racial discrimination. Zar v. South Dakota Bd. of Examiners of Psychologists, 976 F.2d 459 (8th Cir. 1992). The Complaint does not

allege that Plaintiffs have been subjected to racial discrimination. In fact, the Complaint does not so much as state Plaintiffs' races.[1] Therefore, Plaintiffs' claims under §1981 should be dismissed. See Zar, 976 F.2d 459 (where plaintiff did not provide information to the court regarding his ethnicity, he failed to state a claim under §1981.)

**C. The Complaint Fails to State a Claim under 42 U.S.C. §1983.**

A party may be liable under §1983 only if the acts complained of are "fairly attributable to the State." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). This requirement stems from the language in §1983 prohibiting deprivation of rights occurring "under color" of law. Plaintiffs have failed to allege any facts to suggest that either Defendant, a trucking company or a labor union, was acting on behalf of the State when the alleged deprivations occurred. Plaintiffs' claims pursuant to §1983 should be dismissed because they have failed to plead a necessary element of those claims.

**D. The Complaint Fails to State a Claim under 42 U.S.C. §1985(3).**

In order to state a claim under §1985(3), a plaintiff must allege the following elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Brotherhood of Carpenters & Joiners v. Scott, 463

---

[1] Although it is not necessary to our analysis of Plaintiffs' §1981 claim on Defendants' Motion to Dismiss, it appears that one Plaintiff is African American and the other is White, making it seem unlikely that they could establish a claim of racial discrimination based on policies which affected both of them in the same way.

U.S. 825, 828-29 (1983). A plaintiff must prove that there is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985(3) does not apply to conspiracies motivated by economic or commercial animus. Scott, 463 U.S. at 838.

As with our analysis of Plaintiff's §1981 claim, we note that Plaintiffs have not alleged any racial bias on the part of Defendants. Rather, the facts alleged in their Complaint seem to indicate that they are seeking redress for an alleged economic or contractual wrong. Plaintiffs have not alleged any facts to support a civil rights claim under §1985(3).

**E. The Complaint Fails to State a Claim under 42 U.S.C. §1986.**

Section 1986 provides a cause of action against certain persons who neglect or refuse to prevent a wrong prohibited by §1985 from being done. If Plaintiffs' §1985 claim is dismissed, their §1986 claim must be dismissed as well. Lewellen v. Raff, 843 F.2d 1103, 1116 (8th Cir. 1988)(a cause of action under §1986 is dependent on stating a valid claim under §1985), cert. denied, 489 U.S. 1033 (1989).

**F. The Complaint Fails to State a Claim under 42 U.S.C. §1988.**

Section 1988 does not create an independent federal civil rights cause of action. Monell v. Dept. of Soc. Servs. of the City of New York, 436 U.S. 658, 701 n. 66 (1978). Rather, it provides for an award of fees to the prevailing party in certain cases arising under other federal statutes. We have found that the Complaint fails to state a claim under any federal civil rights statute. This fact alone would be enough to mandate dismissal of the §1988 claim. See Keene Corp. v. Cass, 908 F.2d 293, 298 (8th Cir.

1990)(where court did not have jurisdiction over underlying §1983 claim, §1988 action was barred). In addition, "to be a prevailing party, a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought." Keene Corp., 908 F.2d at 298 (citations omitted). Plaintiffs do not meet this definition of "prevailing party," and therefore they may not obtain an award of fees pursuant to §1988.

## IV. OPPORTUNITY TO AMEND

We recognize that Plaintiffs are proceeding pro se, and that we must construe the Complaint liberally. Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996)(citations omitted). However, it appears that if Plaintiffs have a claim against Defendant Tower Asphalt, it is for breach of contract, and if Plaintiffs have a claim against Defendant Teamsters' Local #221, it is for violation of the duty of full and fair representation imposed under the National Labor Relations Act. The Complaint, in its current form, does not make these allegations, but rather attempts to assert claims under federal civil rights statutes.

In light of Plaintiffs' pro se status, we recommend that the Complaint be dismissed without prejudice, and further recommend that the District Court grant Plaintiffs leave to file an Amended Complaint if they do so within thirty days after the District Court's decision. Dismissing the Complaint without prejudice will allow Plaintiffs to consider more carefully what causes of action they may properly assert, and whether their interests would be best served by proceeding in state or federal court.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that (1) Defendants' Motions to Dismiss [Docket Nos. 3, 11] be granted, (2) Plaintiffs' Motions for Summary Judgment [Docket No. 8, 14] be denied, (3) Plaintiffs' Motion to Commence Discovery [Docket No. 33] be denied as moot, and (4) Plaintiffs be given thirty days from the decision of the District Court to file an Amended Complaint.

Dated: November 9, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **November 23, 2000** written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **November 23, 2000.**