UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FRANK EDWARDS and
RICHARD A. PETERSON,

Plaintiffs,

v.

TOWER ASPHALT, INC. and
TEAMSTERS LOCAL #221,

Defendants.

CIVIL NO. 00-884 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on May 22, 2001 upon Defendant Tower Asphalt's Motion for Summary Judgment [Docket No. 49], Defendant Teamsters' Motion for Summary Judgment [Docket No. 45], and Plaintiffs' Motion for Partial Summary Judgment [Docket No. 63]. Colette Medas-Forbes, Esq. appeared on behalf of Plaintiffs; Craig Ayers, Esq. appeared on behalf of Defendant Tower Asphalt; Paul Iversen, Esq. appeared on behalf of Defendant Teamsters. The matter is before the undersigned for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. §636(b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant Tower Asphalt's Motion for Summary Judgment [Docket No. 49] and Defendant Teamsters' Motion for Summary Judgment [Docket No. 45] be granted insofar as they seek dismissal of the Amended Complaint. It is further recommended that Plaintiffs' Motion for Partial Summary Judgment [Docket No. 63] be denied.

FILED JUN 05 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## FINDINGS OF FACT/REPORT

Plaintiffs, acting *pro se*, filed the original Complaint in this action on April 7, 2000. Defendants moved to dismiss the Complaint, and the District Court granted their Motion based on this Court's Report and Recommendation. [Docket No. 37]. However, also based on this Court's recommendation, the District Court gave Plaintiffs 30 days to file an Amended Complaint before dismissing the original Complaint.

On January 3, 2001, Plaintiffs, still acting *pro se*, filed an Amended Complaint. [Docket No. 38]. Defendants now move to dismiss or for summary judgment on the Amended Complaint. We recommend that the Amended Complaint be dismissed for non-compliance with Fed. R. Civ. P. 8.

### I. THE AMENDED COMPLAINT DOES NOT SATISFY RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Plaintiffs' Amended Complaint fails to comply with these rules.

We recognize that Rule 8(f) of the Federal Rules of Civil Procedure requires the courts to construe pleadings so as to do substantial justice, and that *pro se* parties are held to less stringent pleading standards than those represented by counsel. See Cruz v. Cardwell, 486 F.2d 550, 552 (8th Cir. 1973). However, we also recognize that pleadings under the Federal Rules are designed to give the opposing party fair notice of the claim asserted. See Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson

County, Mo., 747 F.2d 1195, 1197 (8th Cir. 1984); Fed. R. Civ. P. 8(a); 2A J. Moore, Moore's Federal Practice ¶ 8.13, at 8-103 (1984)). The fact that Plaintiffs prepared their Amended Complaint without the assistance of counsel does not excuse them from following the Federal Rules. See Wallach v. City of Pagedale, Missouri, 359 F.2d 57, 58 (8th Cir. 1966)("Since plaintiff pleads pro se, we construe his pleadings with the utmost liberality and without regard for technicalities. Even so, defendants are entitled to know the extent of the claim against them as well as its precise nature.")(citation omitted).

The Eighth Circuit has stated that a complaint should be dismissed for failure to comply with Rule 8(a) where "it is impossible for any party or court to understand plaintiff's alleged claim or damage" and "no responsive pleading could intelligently be filed by defendants." Koll v. Wayzata State Bank, 397 F.2d 124, 126 (8th Cir. 1968). Dismissal is also appropriate where the complaint is "unreasonably verbose, confusing, and conclusory." Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

In this case, the Amended Complaint is, at best, a listing of random allegations. It does not contain a description of how Plaintiffs were supposedly harmed. According to one (unnumbered) paragraph at the end of the Amended Complaint, Plaintiffs seek "[m]onetary relief in the form of $10,000,000,00[1] against Tower Asphalt, Inc. and Teamsters Local #221 for benefits lost because of the denial of the rights unlawfully denied Plaintiffs by Defendants." This paragraph is illustrative of the vague, confusing nature of the entire Amended Complaint. Plaintiffs do not set forth what rights were allegedly denied

---

[1] As written in the Amended Complaint, it is not clear whether this is meant to represent a request for ten million or ten billion dollars.

them by Defendants, or any basis for the sizable amount of damages claimed.

Multiple statutes are mentioned in the Amended Complaint, without clear indication as to why they may be relevant to Plaintiffs' situation. There is also mention of a collective bargaining agreement, without a clear description of its terms. One gets the general impression from reading the Amended Complaint that Plaintiffs feel they should have gotten more money for their work as truck drivers than they actually received. Why Plaintiffs have this feeling, however, is a question left unanswered. It is impossible for the Court and Defendants to understand the basis of Plaintiffs claims from the allegations in the Amended Complaint.

The Amended Complaint represents Plaintiffs' second attempt to state a cause of action against Defendants. Plaintiffs are now represented by an attorney, but they chose not to hire her until after filing the Amended Complaint. Under these circumstances, it is possible that dismissal of the Amended Complaint with prejudice would be appropriate. See Mangan, 848 F.2d at 911 ("A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) after allowing time to file an amended complaint.")(citations omitted);see also Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 439 (8th Cir. 1983)("if the plaintiff has persisted in violating Rule 8 the district court is justified in dismissing the complaint with prejudice.")(citation omitted).

However, we are mindful that dismissal with prejudice is a drastic sanction which should be sparingly exercised. Mangan, 848 F.2d at 911 (citation omitted). In this case, we believe that the best course would be to dismiss the Amended Complaint without prejudice, in order to allow Plaintiffs' counsel to file a second, and final, amended

complaint. While we are sympathetic to the fact that Defendants have been put through the time and expense of responding to two muddled, vague pleadings, we believe that justice would be best served by allowing Plaintiffs one final attempt to state a claim with benefit of counsel. Of course, Defendants will have available to them the procedures under Rule 11 if they believe the final amended complaint contains frivolous or incomprehensible claims.

## II. EVEN IF THE AMENDED COMPLAINT CONTAINED THE CLAIMS SUGGESTED BY PLAINTIFFS' COUNSEL, IT WOULD NOT CONTAIN A VIABLE CLAIM AGAINST DEFENDANTS.

As explained above, the Amended Complaint fails to set forth a clear statement of any claim against Defendants, and should be dismissed on that basis. At the hearing, Plaintiffs' counsel suggested that the Amended Complaint should be construed to allege certain statutory and contractual claims. We recognize that Plaintiffs' counsel was arguing from an Amended Complaint which she did not prepare. Even supposing that her interpretation of the Amended Complaint was accurate, dismissal of Plaintiffs' claims would still be appropriate.

### A. Standard of Review

The Court of Appeals for the Eighth Circuit has recently explained the standard to be applied on a motion to dismiss as follows:

> When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief.

> Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.

Young v. City of St. Charles, Missouri, 244 F.3d 623, 627 (8th Cir. 2001)(internal citations omitted). A motion to dismiss should only be granted "in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(citations omitted)(holding dismissal appropriate where complaint gives "no idea what acts the individual defendants are accused of that could result in liability").

### B. Statutory Claims

Plaintiffs' counsel argued that the Amended Complaint contains claims alleging that Defendant Tower Asphalt violated Minnesota's prevailing wage statute, and that both Defendants violated the Service Contract Labor Standards Act and the Davis-Bacon Act. Defendants assert that none of these statutes provides for a private cause of action.

#### 1. Service Contract Labor Standards Act

The Service Contract Labor Standards Act (the "SCA") provides:

> If the accrued payments withheld under the terms of the contract are insufficient to reimburse all employees with respect to whom there has been a failure to pay the compensation required pursuant to this chapter, the United States may bring action against the contractor, subcontractor, or any sureties in any court of competent jurisdiction to recover the remaining amount of underpayments. . . .

41 U.S.C. §354(b)(emphasis added). "The SCA does not confer a private right of action

to employees; the Secretary of Labor has the exclusive right to enforcement. . . . Employees have no standing to enforce their claims against employers for failure to pay SCA-required wages." United States v. Double Day Office Servs., Inc., 121 F.3d 531, 533 (9th Cir. 1997)(citations omitted). Plaintiffs' claim under the SCA would be dismissed for failure to state a claim upon which relief can be granted.

2. Davis-Bacon Act

"The Davis-Bacon Act [40 U.S.C. §276a *et seq.*] requires that certain federal construction contracts contain a stipulation that laborers and mechanics will be paid not less than prevailing wages, as determined by the Secretary of Labor." Universities Research Ass'n v. Coutu, 450 U.S. 754, 756 (1981). "The purpose of the Davis-Bacon Act is to assure that workers on public construction projects are paid prevailing wage rates established by private industry." Ames Construction Co. v. Dole, 727 F. Supp. 502, 508 (D. Minn. 1989). The Act sets forth a detailed administrative scheme to enforce violations of its provisions. See 40 U.S.C. §276a-2.

The question of whether or not the Davis-Bacon Act provides any private cause of action to employees has not been conclusively resolved. To date, the Supreme Court has expressly declined to decide that general issue. See Coutu, 450 U.S. at 769 n. 19 (1981). However, the Court has examined the Davis-Bacon Act in a specific factual context and concluded that implication of a private right of action would undercut the administrative scheme imposed by the statute. Coutu, 450 U.S. at 783. Other courts have come to the same conclusion. See Weber v. Heat Control Co., 728 F. 2d 599 (3d Cir. 1984)(no private cause of action under Davis-Bacon Act); United States v. TLT Construction Corp., 2001 WL 360819 at*3 (D.R.I. March 30, 2001)(same); Livingston v.

Shore Slurry Seal, Inc., 98 F. Supp.2d 594, 596-97 (D.N.J. 2000)(same); Miccoli v. Ray Communications, Inc., 2000 WL 1006937 (E.D.Pa. July 20, 2000)(administrative mechanism is exclusive method of enforcement of Davis-Bacon Act); Grochowski v. Ajet Construction Corp., 2000 WL 1159640 (S.D.N.Y. Aug. 16, 2000)(no private enforcement of Davis-Bacon Act). But see Hartt v. United Construction Co., Inc., 655 F. Supp. 937, 939 n. 2 (W.D.Mo. 1987)(finding private cause of action exists, relying on pre-Coutu analysis in McDaniel v. University of Chicago, 548 F.2d 689 (7th Cir. 1988)).

We adopt the prevailing view, that employees do not have standing to bring private actions under the Davis-Bacon Act. Congress has provided a thorough administrative procedure for addressing violations by employers. This procedure allows the Department of Labor to address wage violations, a more efficient process than allowing piecemeal litigation by aggrieved employees. Plaintiffs may not maintain a private action under the Davis-Bacon Act against Defendants, and such a claim would be dismissed.

3. Minnesota Prevailing Wage Statute

Minnesota's Prevailing Wage Statute ("MPWS"), Minn. Stat. §§177.41-177.44, is modeled on the federal Davis-Bacon Act. Dicks v. Minnesota Dept. of Administration, -- N.W.2d --, 2001 WL 410440 at *3 (Minn. Ct. App. April 24, 2001). As with the Davis-Bacon Act, Minnesota courts have not fully resolved the question of whether a private employee may bring an action against his employer for violations of the MPWS. It is clear that the MPWS does not provide an explicit private right of action for any employees. Dicks, 2001 WL 410440 at *2. What is less clear is whether or not there is an implied private right of action under the MPWS for employees to seek back wages.

Because the MPWS is modeled on the Davis-Bacon Act, we infer that the Minnesota Legislature is aware of interpretations of the federal statute they seek to emulate. See Dicks, 2001 WL 410440 at *3. As discussed above, the Supreme Court has indicated that a private cause of action is not available under the Davis-Bacon Act, a conclusion that has been followed by other federal courts. Therefore, it is likely that a private cause of action is not available under the MPWS.

As an alternate basis for dismissing the MPWS claim, we would recommend that the Court decline to exercise jurisdiction over this pendant state law claim once all of Plaintiffs' federal claims had been dismissed. See 28 U.S.C. §1367(c)(3). Alternatively, the Court could decline to exercise jurisdiction over the claim because the question of whether or not a private action can be brought under the MPWS is a novel and complex issue of State law. See 28 U.S.C. §1367(c)(1).

**B. Breach of Duty of Fair Representation/Breach of Contract**

In addition to statutory claims, Plaintiffs' counsel construed the Amended Complaint to allege that Teamsters breached its duty to fully and fairly represent Plaintiffs, and that Tower Asphalt breached their collective bargaining agreement ("CBA"). These claims must be considered together, because unless Plaintiffs can prove that Teamsters breached its duty of fair representation with respect to a grievance by Plaintiffs, they cannot maintain suit against Tower Asphalt for breaching the CBA. See Tompeter v. Boise Cascade Corp., 877 F.2d 686, 687 (8th Cir. 1989)(citing Vaca v. Snipes, 386 U.S. 171, 186-87 (1967)(additional citations omitted). In other words, it is the union's responsibility to seek judicial enforcement of a CBA, so a direct suit by an employee against an employer is not permitted unless the union has breached its duty to the employee it represents. Id.

See also Scott v. United Automobile, Aerospace and Agricultural Implement Workers of America, 242 F.3d 837, 839 (8th Cir. 2001)("In order to prevail against either the employer or union, the employee must prove both that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement.")(citation omitted).

1. Statute of Limitations

A six-month statute of limitations governs this type of contractual claim against unions and employers. Scott, 242 F.3d at 839 (citing DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983)). "The statute of limitations begins running when the employee 'should reasonably have known of the union's alleged breach.'" Scott, 242 F.3d at 839 (citation omitted). The key inquiry is when Plaintiffs knew or should have known that Teamsters had decided not to pursue their grievance with Tower Asphalt.[2] See Scott, 242 F.3d at 840.

In this case, the latest Plaintiffs should have known that Teamsters would not be pursuing Plaintiffs' concerns was August 3, 1999. On that date, attorney Brian Solem, who had been looking into the case on Plaintiffs' behalf, wrote a letter to Mr. Edwards. In the August 3, 1999 letter Attorney Solem stated:

> I have come to the conclusion that your case would be an extremely difficult case to successfully pursue. There are so

---

[2] This analysis presumes that Plaintiffs did actually file a grievance. At the hearing, Plaintiffs' counsel asked the Court to construe multiple letters to different persons as constituting a grievance. We need not delve into this question, because even if Plaintiffs filed a grievance, their action is time barred. However, were the action not barred by the statute of limitations, this issue could present another potential basis for granting judgment for Defendants.

> many different agencies involved and **you have received little or no support from your union or union representative**.

(emphasis added). Attorney Solem also warned Mr. Edwards in the letter that any potential claims would be subject to an unspecified statute of limitations.[3]

Upon receiving the August 3, 1999 letter, Plaintiffs had written confirmation from their attorney that Teamsters was not pursuing their "grievance." At that time, the six-month statute of limitations began to run. Plaintiffs did not file the Complaint in this action until April 7, 2000, approximately eight months after receiving the letter from Attorney Solem. Any claims by Plaintiffs that Defendants breached their duty of fair representation and the collective bargaining agreement are time barred.

2. Plaintiffs have not shown that Teamsters breached its duty.

Even if these claims were not time barred, they would be subject to dismissal. "[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998)(citations omitted). "A union's conduct can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation." Marquez, 525 U.S. at 46 (citation omitted). In order to show that a union acted in bad faith, an employee must offer evidence of fraud, deceitful action or dishonest conduct by the union. Smith v. United Parcel Service, 96 F.3d 1066, 1069 (8th Cir. 1996)(citation

---

3 Plaintiffs submitted a copy of this letter to the Court with their response to Defendants' Motions, and they do not suggest that they did not receive the letter promptly after it was sent.

omitted).[4]

We are unable to determine what actions on the part of Teamsters allegedly constitute its breach of the duty of fair representation. Teamsters ventured a couple of guesses (negotiating and administering the CBA) in its moving papers, while argument at the hearing suggested the offending conduct was Teamsters' failure to file a grievance on behalf of Plaintiffs. In any event, the Court has not been presented with any evidence to suggest that Teamsters' actions were anything but reasonable under the circumstances.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendant Tower Asphalt's Motion for Summary Judgment [Docket No. 49] and Defendant Teamsters' Motion for Summary Judgment [Docket No. 45] be granted insofar as they seek dismissal of the Amended Complaint. It is further recommended that Plaintiffs' Motion for Partial Summary Judgment [Docket No. 63] be denied.

Dated: June 4, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **June 19, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

---

[4] Plaintiffs do not suggest that Teamsters' actions were discriminatory.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **June 19, 2001**.